ELECTRONIC

**July 21, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

# 09-CV-81062-RYSKAMP/VITUNAC

|  |  |  |
|---|---|---|
| KEVIN L. SCHEWE, M.D., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 09-_____ |
| | : | |
| -against- | : | |
| | : | |
| NAVARCO, INC. and | : | **NOTICE OF REMOVAL** |
| RAYMOND T. BROWN, II, | : | |
| | : | |
| Defendants. | : | |

Now come the Defendants, Navarco, Inc. ("Navarco") and Raymond T. Brown II ("Brown"), by and through counsel, and without waiving any affirmative defenses that the Defendants may have, files this Notice of Removal pursuant to 28 U.S.C. Sec. 1441, et seq., and in support thereof states the following:

1.    The Plaintiff filed this action against Navarco and Brown in the Circuit Court of the 15th Judicial Circuit In and For Palm Beach County, Florida, on June 23, 2009, seeking damages of $100,000 for violation of the Florida Securities Law, Sec. 517.07, Fla. Stat.; and for violation of the Florida Securities Law, Sec. 517.12, Fla. Stat.; and for violation of the Florida Securities Law, Sec. 517.301, Fla. Stat.; and for violation of the Sections 812.014 and 772.11, Fla. Stat. for obtaining money under false pretenses and treble damages of $300,000, attorneys fees, costs, and for common law fraud, conversion and breach of fiduciary duty in connection with an investment. The Complaint was served upon Navarco on or about June 23, 2009 and upon Brown on or about June 30, 2009. A true and accurate copy of the Plaintiff's Summons and

Complaint, along with a copy of the civil docket sheet, are attached hereto as collective "Exhibit A".

2.      This Notice of Removal is filed pursuant to 28 U.S.C. Sections 1441(a) and 1446, which provide that any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant. This Court has diversity jurisdiction over this dispute because the Plaintiff is a resident of the State of Colorado, while the Defendants were residents of the State of Florida at the time this lawsuit was commenced.

3.      The Plaintiff's Complaint prays for damages in excess of On Hundred Thousand Dollars ($100,000.00) and therefore satisfies the minimum amount in controversy requirement of Seventy Five Thousand Dollars ($75,000.00).

4.      Defendants have been domiciled and resident in Boca Raton, Florida for several years prior to the commencement of this lawsuit.

5.      This Notice of Removal is filed within thirty (30) days of the receipt by each of the Defendants of ma copy of the initial pleadings setting forth the claim for relief upon which the action is based. (See Exhibit A).

6.      Notice of this removal has been filed with and provided to the Clerk of the Circuit Court for the 15th Judicial Circuit In and For Palm Beach County, Florida. A copy of said Notice is attached hereto as "Exhibit B".

7.      The Defendant has complied with all applicable provisions of 28 U.S.C. Sec. 1446 governing the process for removal.

Case 9:09-cv-81062-KLR Document 1-4 Entered on FLSD Docket 07/22/2009 Page 3 of 16

WHEREFORE, Defendants Navarco and Brown respectfully request that this action be removed to the United States District Court for the Southern District of Florida, West Palm Beach Division.

Dated: July 21, 2009

By

Brian Y. Silber, Esq.
FBN: 0640646
Law Offices of Brian Y. Silber
440 South Andrews Avenue
Fort Lauderdale, Florida 33301
Tel: (954)812-4225
SilberLaw@gmail.com

## CERTIFICATE OF SERVICE

The undersigned, Brian Y. Silber, hereby certifies that on the 21st day of July,

2009, I served a copy of the Notice of Removal, attached hereto, the Notice of Filing of

the Notice Removal and this Certificate of Service in this matter upon:

Robert Wayne Pearce, Esq., Robert Wayne Pearce, P.A., counsel for plaintiff Kevin L.

Schewe, M.D., by mailing said Notice of Removal, attached hereto, the Notice of Filing

of the Notice Removal and this Certificate of Service via the United States Postal service

by first class mail to:


      Robert Wayne Pearce, Esq.
      Robert Wayne Pearce, P.A.
      1499 W. Palmetto Park Road, Suite 300
      Boca Raton, FL 33486


                                       _____
                                    Brian Y. Silber, Esq.
                                    FBN: 0640646
                                    Law Offices of Brian Y. Silber
                                    440 South Andrews Avenue
                                    Fort Lauderdale, Florida 33301
                                    Tel: (954)812-4225
                                    SilberLaw@gmail.com

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO:

KEVIN L. SCHEWE, M.D.

    Plaintiff,

v.

NAVARCO, INC. and
RAYMOND T. BROWN, II,

    Defendants.

_____/

## COMPLAINT

COME NOW the Plaintiff, KEVIN L. SCHEWE, M.D. ("Plaintiff") and files this lawsuit

against Defendants, NAVARCO, INC. ("NAVARCO") and RAYMOND T. BROWN, II

("BROWN"), jointly and severally, and alleges as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of $15,000.00, exclusive of interest, costs and

attorneys fees.

2.    The cause of action is for violation of Sections 517.07, 517.12, 517.301 and 772.10,

Fla.Stats., and at common law for Fraud and Conversion. As a result of Defendants' tortious

conduct, Plaintiff has suffered damages in excess of $100,000, exclusive of interest, costs and

attorneys fees.

3.    During the relevant period, both Defendants were residents and/or doing business in

offices located in Palm Beach County, Florida.

## PARTIES

4.     The Plaintiff, Dr. SCHEWE is an individual of 52 years of age residing in Denver, Colorado.

5.     The Defendant NAVARCO is a Florida corporation authorized to do business and doing business in Palm Beach County, Florida.

6.     The Defendant Mr. BROWN is an individual, who during the relevant time period was the NAVARCO President, Chief Executive Officer ("CEO"), and employee.

7.     The Defendants are sued herein both individually, as an aider(s) and abettor(s), controlling person(s) and the liability of it arises from the fact that each engaged in, knew of, or had reason to know of, participated in, or substantially assisted in all or part of the unlawful acts complained of or has directly or indirectly controlled the wrongful acts over persons whom each exercised "control" and "supervision". At all times material hereto, Mr. BROWN acted within the scope of his employment and NAVARCO is liable for all of his acts, omissions under the doctrine of respondeat superior and under the principles of actual, apparent, implied agency.

## THE RELEVANT FACTS

8.     Dr. SCHEWE has been a long standing and major shareholder of a company known as MSTI Holdings, Inc. ("MSHI"). One of MSHI's wholly owned subsidiaries was Microwave Satellite Technologies, Inc. ("MST"), a U.S. Carrier communications technology company, a private cable operator and an internet service provider operating in the New York Metropolitan area. MST provided digital television services through the Dish Network, a national satellite television provider under the NUVISION brand of services.

9.     In or about July 2008, Dr. SCHEWE was solicited by Defendants to invest in a to-be-formed European entity known as MST, PLC a/k/a NUVISIONS, PLC (hereafter "NUVISIONS")

2

to offer the same services as MST throughout Europe.

10.    In August, 2008, Dr. SCHEWE subscribed to the NUVISIONS offering of common stock and deposited $93,750 with the Defendants to hold in escrow pending the formation of NUVISIONS and delivery of shares of common stock of the company to-be-formed. Dr. SCHEWE delivered the funds to the Defendants in trust and with the confidence that the funds would be returned if the new company was not formed. The Defendants accepted that trust and confidence, misrepresented and agreed to hold the funds as Escrow Agent and return them should the company not be formed.

11.    In or about December 2008, Dr. SCHEWE learned that the NUVISIONS company would not be formed. Immediately thereafter, the Defendants solicited Dr. SCHEWE to purchase shares of preferred stock of MSHI. The Defendants misrepresented that they were authorized by MSHI to offer and sell 10,000 shares of MSHI preferred stock (the "Preferred Shares") to Dr. SCHEWE providing he deliver an additional $6,250 to the Defendants. The Defendants never told Dr. SCHEWE that the Preferred Shares were not authorized to be issued by the company. They misrepresented that no additional documents were required to be signed and that his prior subscription would be applied to the purchase of the Preferred Shares. Dr. SCHEWE relied on Defendants misrepresentations and misleading statements and agreed to deposit the additional funds with Defendants to hold as Escrow Agents pending delivery of the Preferred Shares to him. The Defendants accepted Dr. SCHEWE's additional $6,250 as Escrow Agents and agreed to hold the funds in escrow pending delivery of the Preferred Shares to Dr. SCHEWE.

12.    Defendants failed to deliver the Preferred Shares. Dr. SCHEWE made inquiries with MSHI and discovered that the Defendants were never authorized to represent MSHI and offer Dr. SCHEWE any Preferred Shares. Further, Dr. SCHEWE learned that MSHI had not authorized

3

the issuance of any preferred stock. When Dr. SCHEWE confronted the Defendants he learned, for the first time, that they were holding his funds as payment for an alleged debt of MSHI to NAVARCO. Dr. SCHEWE was never a guarantor of any debt of MSHI and never apprised of nor agreed to any financial arrangements relating to either his subscription for NUVISIONS common stock or the Preferred Shares. Dr. SCHEWE demanded that Defendants return the funds he delivered to its Escrow Agents and they ignored him.

13.     On May 5, 2009, Dr. SCHEWE, through his attorney, demanded the return of the $100,000 he delivered to the Defendants to hold as Escrow Agents pending delivery of the Preferred Shares. The Defendants did not respond to the demand letter and never returned the funds.

14.     On May 19, 2009, Dr. SCHEWE, through the undersigned counsel, made another demand upon the Defendants for return of the funds. This time the demand made was pursuant to the statutory provisions of Section 772.11, Fla.Stat. providing for the remedy of treble damages, attorneys fees and costs should the Defendants fail to return the funds.

15.     The Defendants have never responded to any of Dr. SCHEWE's demands for return of his funds. The Plaintiff has performed all conditions precedent necessary to bring this action or they have been waived.

16.     The Plaintiff has retained the undersigned law firm and agreed to pay it a reasonable fee for its services.

## COUNT I
## Claim for Violation of Section 517.07, Fla. Stat.

The Plaintiff reasserts and realleges all the allegations contained in paragraphs 1 through 16, above, inclusive.

17.     Section 517.07, Fla.Stat. requires the registration of all the "securities" offered and

4

sold in this state. The Preferred Shares are "securities" as that term is defined in Section 517.021 Fla.Stat. They are not "federal covered" securities. No registration statement has ever been filed pursuant to Section 517.07, Fla.Stat. with respect to any of the "Preferred Shares" offered by Defendants to the Plaintiff and other investors in the State of Florida.

18.     By virtue of the foregoing, the Defendants have violated, aided and abetted violations, and aided or participated in offers of "securities" in violation, or are vicariously liable for the violation, of Section 517.07, Fla. Stat. and the Plaintiff is entitled to rescission and/or damages, interest, attorneys' fees, and other relief in accordance with Sections 517.211 and Section 517.241, Fla. Stats.

WHEREFORE, Plaintiff is entitled to and demands a judgment against the Defendants, jointly and severally; interest at the legal rate; attorneys' fees pursuant to Section 517.211(6), Fla.Stat.; the damages pursuant to Section 517.211(4), Fla.Stat.; the cost of this proceeding; and such other relief that this Court deems just and appropriate in accordance with Chapters 517.211 and 517.241 Fla. Stat.

## COUNT II
### Claim for Violation of Section 517.12, Fla. Stat

19.     Plaintiff realleges and adopts all the allegations contained in paragraphs 1 through 16, above, inclusive.

20.     Section 517.12(4), Fla.Stat. requires that "Dealers", "Investment Advisors" and "Associated Persons" as those terms are defined in Section 517.021, Fla.Stat. be registered with the Department of Banking and Finance in this state.

21.     The Defendant NAVARCO failed to become registered in this state as a "Dealer" and Defendant BROWN failed to become registered as an "Associated Person" and/or the "Investment Advisor" in violation of Section 517.12(4), Fla.Stat.

5

22.     By virtue of the foregoing, the Defendants have violated, aided and abetted violations, and aided or participated in offers of "securities" in violation, or are vicariously liable for the violation, of Section 517.07, Fla. Stat. and the Plaintiff is entitled to rescission and/or damages, interest, attorneys' fees, and other relief in accordance with Sections 517.211 and Section 517.241, Fla. Stats.

WHEREFORE, the Plaintiff is entitled to and demands a judgment against Defendants, jointly and severally, for damages pursuant to Section 517.211(4), Fla.Stat.; interest at the legal rate; attorney fees pursuant to Section 517.211(6), Fla.Stat.; the cost of this proceeding; and such other relief that this Panel deems just and appropriate in accordance with Chapters 517.211 and 517.241 Fla. Stat.

**COUNT III**
**Claim For Violation Of Chapter 517.301, Fla. Stat.**

23.     The Plaintiff realleges and adopts all the allegations contained in paragraphs 1 through 16 above, inclusive.

24.     In the rendering of investment advice and/or engaging in the offer and sale of securities, the Defendants have directly and indirectly:

a.      employed devices, schemes or artifices to defraud;

b.      obtained money or property by means of untrue statements of material facts or by omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, including, but not limited to the misrepresentations and misleading statements set forth in paragraphs 10 and 11, above.

25.     In making the foregoing misrepresentations and omissions, the Defendants acted intentionally, recklessly and/or, alternatively, negligently.

6

26.     The Plaintiff, directly and indirectly, justifiably relied on all statements and representations made by the Defendants through their employees and agents.

27.     The misrepresentations and omissions were willful, wanton and malicious.

28.     By virtue of the foregoing, the Defendants have violated, and are directly and/or vicariously liable for violations of Section 517.301, Fla. Stat.

WHEREFORE, the Plaintiff is entitled to and demands a judgment against Defendants, jointly and severally, for damages pursuant to Section 517.211(4), Fla.Stat.; interest at the legal rate; attorney fees pursuant to Section 517.211(6), Fla.Stat.;  the cost of this proceeding; and such other relief that this Panel deems just and appropriate in accordance with Chapters 517.211 and 517.241 Fla. Stat.

**COUNT IV**
**Claim For Violations of**
**Sections 812.014 and 772.11, Fla. Stat.**

29.     Plaintiff realleges and adopts all the allegations contained in paragraphs 1 through 16, above, inclusive.

30.     In December 2008 and through the present, the Defendants obtained money from Dr. SCHEWE under false pretense and has since converted and/or misappropriated those funds in violation of Section 812.14, Fla.Stat.

31.     The Defendants knowingly obtained or used and endeavored to obtain or use the property of another with the intent to, either temporarily or permanently:

a.     deprive Plaintiff of the right to the property or benefit therefrom; and

b.     appropriate the property for their own use or for the use of any person not entitled thereto.

32.     The Defendants' acts were intentional, wilful and wanton, designed to benefit the Defendants by the unauthorized use of Dr. SCHEWE's money.

33.     On May 19, 2009, the Plaintiff, through his undersigned attorney, delivered the Section 772.11 Fla. Stat. statutory demand letter. The Defendants have had thirty (30) days to comply with that letter demand and failed to do so.

34.     By obtaining Dr. SCHEWE's funds under false pretenses, converting, and misappropriating those funds, Defendants have committed, aided and abetted, participated and substantially assisted, and/or are vicariously liable for an offense within the meaning of Section 812.014, Fla. Stat. and Plaintiff is entitled to relief under Section 772.11, Fla. Stat.

WHEREFORE, Defendants are liable and Dr. SCHEWE demands an award against Defendants, jointly and severally, for treble actual damages in excess of $300,000; attorneys fees pursuant to Section 772.11, Fla. Stat.; costs of this proceeding; and such other relief as this Court deems just and appropriate.

## COUNT V
## Claim for Common Law Fraud

35.     The Plaintiff realleges and adopts all the allegations contained in paragraphs 1 through 15, above, inclusive.

36.     The Defendants and their employees were Escrow Agents and therefore, "fiduciaries" in relation to Plaintiff and the funds he deposited with Defendants to hold pending the sale and delivery of the Preferred Shares to Plaintiff. The Defendants and their employees were also under a duty to disclose all of the facts material to the subject transaction. The Defendants representations and/or omissions as set forth in paragraphs 10 and 11, above were false and made without any reasonable basis and regarded by Plaintiff as statements of fact and/or were made by Defendants' with an intent to cause the Plaintiff to forebear from demanding return of his funds and cancellation of all business transactions with Defendants.

37.     Further, at the time Defendants' employees made the representations set forth in paragraphs 10 and 11, above concerning their responsibilities as Escrow Agents and the "securities"

8

offerings, the Defendants' employees had no intention of performing as represented.

38.     The Defendants have knowingly made misrepresentations and/or omitted to state facts necessary to make the statements made, not misleading, including, but not limited to, those false and misleading statements described in paragraphs 10 and 11, above.

39.     At the time the Defendants made the representations set forth in paragraphs 10 and 11, above, they knew or should have known that the representations were false, made without any reasonable basis and/or that Defendants omitted certain facts necessary to make the statements made not misleading.

40.     The Plaintiff, directly or indirectly, relied upon the Defendants' employees' false and misleading statements to his detriment.

41.     The Defendants' employees' false and/or misleading statements were the proximate cause of damages suffered.

42.     The false and/or misleading statements of the Defendants and their employees were willful, wanton and malicious.

43.     As a result of the foregoing, the Defendants are jointly and severally liable at common law for fraud and/or are vicariously liable for the fraud perpetrated by its employees and/or agents under the doctrine of respondeat superior and laws of agency.

WHEREFORE, the Plaintiff is entitled to and demand judgment against the Defendants, jointly and severally, for compensatory damages, interest, costs of this proceeding, and such other relief as this Court deems just and proper.

## COUNT VI
### Conversion

44.     The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 above, as if fully set forth herein.

45.     The Defendants acquired Plaintiff's funds to hold as Escrow Agents and agreed to

return those funds if the stock transaction(s) were not closed.

46.     None of the stock transactions were closed and Plaintiff never received any of the securities he was offered and agreed to purchase based upon Defendants' false and misleading statements.

47.     The Plaintiff demanded the return of the escrowed funds and the Defendants' right of possession of the property, if any, ceased to exist.

48.     The Defendants have failed to return and refused to deliver the escrowed funds to the Plaintiff.

49.     As a result of the Defendants' conversion of the Plaintiff's escrowed funds, the Plaintiff has suffered damages and the Defendants are the proximate cause thereof.

50.     The Defendants' conversion of the Plaintiff's property is willful, wanton and malicious.

WHEREFORE, the Plaintiff is entitled to and demands judgment against the Defendants, jointly and severally, for compensatory damages, interest, costs of this proceeding, and such other relief as this Court deems just and proper.

## COUNT VII
## Breach Of Fiduciary Duty

51.     The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 above, as if fully set forth herein.

52.     The Plaintiff placed his trust and confidence in Defendants to safeguard and build Plaintiff's funds pending completion of stock transactions and to return those funds if the transactions and to return those funds if the transactions did not close. The Defendants accepted that trust and confidence and agreed to serve as Escrow Agents with respect to Plaintiff's funds.

53.     As a fiduciary to Plaintiff, the Defendants owed Dr. SCHEWE the duty of utmost loyalty and care.

10

54.    The Defendants were under a fiduciary duty to safeguard the property and interests of the Plaintiff, and not to make any profit or acquire for any personal benefit or advantage any of Dr. SCHEWE's property.

55.    The Defendants' conversion of the Plaintiff's funds was in contravention of their fiduciary duties to the Plaintiff.

56.    As a result of Defendants' breach of fiduciary duties, he has suffered damages and the Defendants are the proximate cause thereof.

57.    The Defendants' breach of their fiduciary duties to the Plaintiff were willful, wanton and malicious.

WHEREFORE, the Plaintiff is entitled to and demands judgment against the Defendants, jointly and severally, for compensatory damages, interest, costs of this proceeding, and such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all of the issues so triable.

ROBERT WAYNE PEARCE, P.A.
Attorneys for Plaintiff
1499 W. Palmetto Park Road, Suite 300
Boca Raton, Florida 33486
Telephone: (561) 338-0037

By: _____
ROBERT WAYNE PEARCE
Florida Bar No. 344575

Dated: June 22, 2009

STATE OF FLORIDA · PALM BEACH COUNTY
I hereby certify that the
foregoing is a true copy
of the record in my office.
THIS 21 DAY OF July, 2009
SHARON R. BOCK
CLERK & COMPTROLLER
By: _____
DEPUTY CLERK

11

§JS 44 (Rev. 2/08)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

FILED by ___ D.C.
ELECTRONIC

**July 21, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**I. (a) PLAINTIFFS**

Kevin L. Scheve, MD
Denver Colorado

(b) County of Residence of First Listed Plaintiff

**DEFENDANTS**

(1) Navarro, Inc. (2) R. Brown, Inc.

County of Residence of First Listed Defendant Palm Bch.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Robert Wayne Pearce, Esq.
1499 W. Palmetto Park Blvd. Ste 300
Boca Raton, FL 33486

Attorneys (If Known)

Brian Y. Silber, FTL, PL
440 S. Andrews Ave, 33301

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

C9CV 81062 KLR/AEV

**III. CITIZENSHIP OF PRINCIPAL PARTIES**

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

[Extensive checkbox list of suit categories — Contract, Torts, Forfeiture/Penalty, Bankruptcy, Other Statutes, etc. — none marked except X at 160 Stockholders' Suits]

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Re-filed ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** a) Re-filed Case ☐ YES ☐ NO b) Related Cases ☐ YES ☐ NO JUDGE DOCKET NUMBER

**VII. CAUSE OF ACTION** 517.07; 517.12; 517.301; 812.014 (All FL Statutes) 18 USC 1961 LENGTH OF TRIAL via ___ days

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ JURY DEMAND: ☑ Yes ☐ No

SIGNATURE OF ATTORNEY OF RECORD By FBN: 0640646 DATE 07/21/09

AMOUNT 350 RECEIPT # 726096