UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-81062-RYSKAMP/VITUNAC

KEVIN L. SCHEWE, M.D.

    Plaintiff,

v.

NAVARCO, INC. and
RAYMOND T. BROWN, II,

    Defendants.
_____/

### ORDER GRANTING MOTION TO REMAND, DENYING MOTION TO AMEND PETITION FOR REMOVAL AND RETAINING JURISDICTION TO REVIEW RULE 11 MOTION

THIS CAUSE comes before the Court pursuant to Plaintiff's Motion to Remand, filed July 23, 2009 **[DE 3]**. Defendants filed a combined Response to the Motion to Remand and a Motion to Amend Petition for Removal on August 26, 2009 **[DE 13]**. Plaintiff responded to the Motion to Amend Petition for Removal and replied to the Motion to Remand on September 2, 2009 **[DE 18]**. These motions are ripe for adjudication.

Plaintiff filed this action in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida on June 23, 2009, seeking damages of $100,000 for violation of Florida securities laws, Fl. Stat. §§ 517.07, 517.12, 517.301, and for violation of Fl. Stat. §§ 812.014 and 772.11 for obtaining money under false pretenses. Plaintiff also brought claims for common law fraud, conversion and breach of fiduciary duty. The Complaint was served on Defendant Navarco, Inc. on June 23, 2009 and on Defendant Raymond T. Brown, II on June 30, 2009. Defendants removed this action to this Court on July 21, 2009 pursuant to 28 U.S.C. §§ 1441(a)

2

and 1446.  The removal notice cites diversity jurisdiction as the basis for removal: Plaintiff resides in Colorado, and Defendants resided in Florida at the time of the commencement of this action.

Plaintiff requests that this Court remand this matter to state court on the grounds that the removal violates the forum defendant rule set forth in 28 U.S.C. § 1441(b):

> Any civil action of which the District Courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other action shall be removable only if none of the parties in interest properly joined and served as Defendants is a citizen of the state in which such action is brought.

Otherwise stated, diversity cases are removable only if none of the parties in interest that are properly joined and served as defendants is a citizen of the state in which the action originated. See Giangrante v. Varallo, 153 Fed. Appx. 814, 815 (3d Cir. 2005); Spencer v. U.S. District Court for the Northern District of California, 393 Fed.3d 867, 870 (9th Cir. 2004) (noting that pursuant to 28 U.S.C. § 1441(b) "the presence of a local defendant at the time removal is sought bars removal."); North v. Precision Airmotive Corp., 600 F.Supp.2d 1263, 1267 (M.D. Fla. 2009) (explaining that pursuant to 28 U.S.C. § 1441(b), "[e]ven where there is complete diversity between the parties, then, a defendant may not remove a case brought in a state court sitting in the same state in which any properly joined and served defendant is a citizen.").

In response, Defendant has filed a "Motion for Leave to Amend Petition of Removal" seeking leave to file a third party complaint that alleges violation of Section 5 of the Securities Act of 1933.

3

Federal question jurisdiction exists only where such is present on the face of Plaintiff's complaint.  See Behlen v. Merrill Lynch, Phoenix Investment Partners, Ltd., 311 F.3d 1087, 1096 (11th Cir. 2002) (holding that the district court must determine whether a federal question exists at the time of removal under the original complaint rather than after removal under an amended complaint that attempted to delete the federal claims).  A defendant may not amend its Notice of Removal to remedy a "substantive defect" therein.  See Briar Patch Limited, L.P. v. Pate, 81 F.Supp.2d 509, 517-518 (S.D.N.Y. 2000) (citing Wyant v. National RR Passenger Corp., 88 F.Supp. 919, 924 (S.D.N.Y. 1995)).  Failure to assert federal question jurisdiction in a removal notice is a "substantive defect."  Id. (citing Wyant, 81 F.Supp.2d at 924) (determining that defendant that originally asserted only diversity jurisdiction in removal petition, could not, after expiration of the 30-day removal period, assert federal question jurisdiction and remanding case to state court).

A defendant/third party plaintiff may not remove on the basis of a federal claim filed in federal court:

> The third-party claim, like a defense or counterclaim, is a pleading by the defendant. The third-party claim does not change the character of the plaintiff's complaint any more than does the defendant's other pleadings.  Thus, the federal question alleged in the defendant's third-party claim does not, in and of itself, confer jurisdiction upon the federal court.
>
> The initiation of [the] third-party claim in federal court, as opposed to that in state court prior to removal, does not change its status.  Such a result would be contrary to the rule that removal jurisdiction must be disclosed on the face of the plaintiff's complaint, and that the basis to determine removal jurisdiction so continues throughout the litigation.  To hold otherwise would unduly grant a defendant the power to manipulate removal jurisdiction once in federal court, despite overwhelming authority proscribing same.

4

Metro Ford Truck Sales, Inc. v. Ford Motorco, 145 F.3d 320, 327 (5th Cir. 1998) (internal citations omitted).

Furthermore, the federal claim in the Third-Party Complaint is based on the Securities Act of 1933.  Assuming that Defendants state a valid cause of action, the 1933 Act contains a non-removal provision at 15 U.S.C. § 77v(a):

> Except as provided in section 77p(c) of this title [dealing with class actions], no case arising under this subchapter and brought in any State Court of competent jurisdiction shall be removed to any Court of the United States.

Defendants' Third-Party Complaint is not a class action.

Defendants' only authority for removal is misplaced.  Jefferson County, Alabama v. Acker, 527 U.S. 423, 431-32, 119 S.Ct. 2069, 2075 (1999) and Mesa v. California, 499 U.S. 121, 139, 109 S.Ct. 959, 970 (1989) involved removals by federal officers under 28 U.S.C. §1442(a)(3), which establishes an exception for removal based on federal question defenses.  The Defendants in this case are not federal officers nor have Defendants sought removal under 28 U.S.C. §1442(a)(3).

Plaintiff requests attorneys fees and costs pursuant to 28 U.S.C. Section 1447(c), which provides in pertinent part:

> An order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as result of the removal.

The United States Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S.Ct. 704, 708 (2005).  For the reasons stated herein, Defendants had no objectively reasonable basis for removing this case

5

to federal court. As of the date of filing this Response to the Motion to Amend and Reply in Support of Motion for Remand, the Plaintiff has incurred fees and costs in the amount of $8,034.00 as a result of the removal. It is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand, filed July 23, 2009 **[DE 3]**, is GRANTED. It is further

ORDERED AND ADJUDGED that Defendants' Motion to Amend Petition for Removal on August 26, 2009 **[DE 13]**, is DENIED. It is further

ORDERED AND ADJUDGED that Defendants shall be obligated to pay Plaintiff's reasonable attorneys' fees in the amount of $8,034.00. It is further

ORDERED AND ADJUDGED that the Clerk of Court shall CLOSE this case. The Court will retain jurisdiction for the purpose of reviewing Plaintiff's September 30, 2009 Rule 11 motion.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 26th day of October, 2009.

                                                  S/Kenneth L. Ryskamp  
                                                  KENNETH L. RYSKAMP  
                                                  UNITED STATES DISTRICT JUDGE